UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

KENNETH R. HICKS                                    CASE NO. 3:19-CV-01266

VERSUS                                              MAG. JUDGE KAREN L. HAYES

GILCHRIST CONSTRUCTION CO., L.L.C.

### MEMORANDUM RULING

Before the court is a motion for award of attorneys' fees and costs [doc. # 24], together with a separate bill of costs, styled as an "Application to Tax Costs" [doc. # 25] filed by defendant, Gilchrist Construction Company, L.L.C. ("Gilchrist").   The motions are unopposed.   For reasons assigned below, the motions are GRANTED-IN-PART and DENIED-IN-PART.[1]

### Procedural History

On September 27, 2019, Kenneth Hicks filed the instant pro se complaint against his employer, Gilchrist, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. ' 2000e, *et seq*. (Compl.).   Hicks alleged that he was subjected to discrimination and harassment on account of his race.  *Id*.

On November 26, 2019, Gilchrist filed its answer to the suit.   (Answer [doc. # 6]).   A scheduling order issued on January 17, 2020.   (Sched. Order [doc. # 13]).   On March 20, 2020, Gilchrist filed a motion to compel discovery responses and to deem admitted requests for admission that plaintiff hadfailed to answer.   [doc. # 15].   The court granted the motion to compel on April 16, 2020, and ordered plaintiff to fully and completely respond to defendant's interrogatories and requests for production within the next 21 days.   (Apr. 16, 2020, Mem. Order [doc. # 17]).

Gilchrist did not wait to see whether plaintiff would comply with the discovery order, and

---

[1]  With the consent of all parties, the District Court referred the above-captioned case to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment, 28 U.S.C. '   636(c). [doc. # 12].

instead filed a motion for summary judgment on April 28, 2020, seeking dismissal of plaintiff=s claims in their entirety.   [doc. # 18].   Although defendant's motion for summary judgment was considered unopposed because plaintiff failed to file a response to the motion by the May 19, 2020, deadline, *see* notice of motion setting [doc. # 19], Gilchrist nevertheless proceeded to file a motion for sanctions pursuant to Rule 37(b) on May 21, 2020, seeking dismissal of plaintiff's complaint, plus reasonable costs and expenses, for plaintiff's failure to comply with the court's discovery order. [doc. # 20].   Plaintiff did not file a response to that motion either.

On June 12, 2020, the court granted Gilchrist's motion for summary judgment and dismissed plaintiff's claims, at plaintiff's cost.   (June 12, 2020, Mem. Ruling and Judgment [doc. #s 22-23]). In light of the court's disposition of the case on the merits pursuant to defendant's motion for summary judgment, the court denied defendant's motion for sanctions because it sought the same ultimate relief as the summary judgment motion, and therefore, was redundant and superfluous.   *Id*. The court also denied defendant's request for costs and fees under Rule 37 because the court dismissed the case under Rule 56.   *Id*.

On June 25, 2020, Gilchrist filed the instant motion for attorney's fees and costs under Rule 54(d) of the Federal Rules of Civil Procedure, 42 U.S.C.§2000e-5(k) and 42 U.S.C. § 1988.   [doc. # 24].   Defendant also filed a bill of costs.   [doc. # 25].   As with the last three motions filed by defendant, plaintiff did not file a response to the motion or the bill of costs, and the time to do so has lapsed.   *See* Notice of Motion Setting [doc. # 26].   Accordingly, the motions are deemed unopposed.   *Id.*   The matter is ripe.

## Law and Analysis

### I.      Availability of Fees

Defendant seeks an award of attorneys' fees under 42 U.S.C. § 2000e-5(k),[2] which provides that

> [i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C.A. § 2000e-5(k).

According to the Supreme Court, legislative history indicates that although "Congress wanted to clear the way for suits to be brought . . . it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 420; 98 S.Ct. 694, 700 (1978). Potential fee awards to defendants would serve "to deter the bringing of lawsuits without foundation . . . to discourage frivolous suits . . ." *Id.* However, the possibility of an attorney's fees award to a prevailing defendant should not be so readily available that it would chill the initiation and prosecution of meritorious civil rights or employment discrimination actions. *See Holmes v. City of New York*, No. 19-1628, 2020 WL 918611, at *18 (S.D.N.Y. Feb. 26, 2020) (citation omitted).

Consequently, "attorney's fees for prevailing defendants are presumptively *unavailable* unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978). The action must be meritless in the sense that it is groundless or without foundation. *Hughes v.*

---

[2] Although defendant also invoked 42 U.S.C. § 1988 in support of its motion, it did not otherwise support its claim for relief under that statute. In any event, the analysis under § 2003e-5(k) and § 1988 is the same. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7 (1983).

3

*Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178 (1980).   The fact that a plaintiff may ultimately lose is not in itself sufficient justification for the assessment of fees.   *Id*.

Factors that are important to frivolity determinations include whether the plaintiff "established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial."   *Cantu Servs., Inc. v. Frazier*, 682 Fed. Appx. 339, 342 (5th Cir.2017) (citations omitted).   These factors, however, remain "guideposts," and frivolousness must be judged on a case-by-case basis.   *Provensal v. Gaspard*, 524 Fed. Appx. 974, 976 (5th Cir.2013) (citation omitted).   Courts must ensure that they do not rely on "perfect hindsight" when assessing frivolousness.   *Id*.   (citation omitted).

Applying the foregoing considerations here, the court finds that plaintiff did not establish a prima facie case, that defendant did not offer to settle, and that the court dismissed the case, without the necessity of holding a trial.   However, plaintiff's case was not patently frivolous at the pleading stage; rather, his complaint set forth a plausible claim(s) for relief.   Indeed, from what the court may gather from the complaint, plaintiff sincerely believed that he had been wronged, and that he had an actionable claim under Title VII.

However, not long after it was served with the suit, defendant recognized that it had viable defenses to plaintiff's complaint, and "finalized" a motion for summary judgment in December 2019, even before the parties' Rule 26 conference.   *See* Billing Records; M/Sanctions, Exh. A, pgs. 2 & 4. Defendant, however, opted not to file a motion for summary judgment at that time.

Defendant ultimately filed its motion for summary judgment at the end of April, but, by then, Gilchrist already had applied for, and obtained an order requiring plaintiff to respond to defendant's outstanding discovery.   *See* April 16, 2020, Mem. Order [doc. # 17].   Furthermore, not only had

4

plaintiff not responded to the initial discovery requests, he also had failed to oppose the motion to compel.   In other words, it had become increasingly clear that plaintiff no longer was interested in litigating the matter.   Although plaintiff also failed to respond to defendant's motion for summary judgment, Gilchrist nonetheless filed a motion for sanctions seeking dismissal of the suit because of plaintiff's failure to abide the court's discovery order.

The court does not seek to limit defendant's autonomy to resolve this matter via as many avenues as were available and potentially viable.   However, it is not reasonable for defendant to attempt to shift the cost of serial and redundant dismissal attempts to a pro se plaintiff, who, by all indications, had thrown in the towel.   Under these circumstances, defendant's recovery of fees and costs should be limited to the most expeditious and direct procedure for concluding the matter, which, in this instance, was a motion for sanctions in the anticipated event that plaintiff failed to comply with the court's discovery order.[3]

Furthermore, because this case was not patently frivolous at the outset, -- at least according to the complaint -- and involved a pro se plaintiff untrained in the law, the court finds that fees should be awarded beginning only from the point when plaintiff appeared to recognize the futility of the suit, which would be around the time that he failed to respond to defendant's discovery requests, i.e., February 27, 2020.   *See* April 16, 2020, Mem. Order [doc. # 17].[4]   Defendant's fee award will be

---

[3]  The court recognizes that it may seem somewhat paradoxical to dismiss the case based solely on defendant's motion for summary judgment, and then to award fees only as to the sanctions motion.   However, the court's memorandum ruling noted that defendant should have filed either a motion for summary judgment or a motion for sanctions – not both.   Where, as here, the court had the option to choose to dismiss the case on the merits pursuant to an already filed motion for summary judgment or via a motion for sanctions, the better option was to adjudicate the case on the merits.   Nonetheless, defendant already had initiated the two-step process for obtaining dismissal of the case via discovery sanction, and thus, the summary judgment motion was an unnecessary and costlier vehicle for concluding the case-- for which plaintiff should not pay the price.

[4]  The court also has considered plaintiff's in forma pauperis status.   [doc. #s 2-3]; *see Coats v. Pierre*, 890

so circumscribed.  *See* discussion, *infra*; *Provensal v. Gaspard*, 524 Fed. Appx. 974, 977 n.2 (5th Cir.2013) (citation omitted) (it lies within the court's discretion to grant costs and fees as to the subset of claims that are found frivolous).

## II.    Calculation of Fees

When assessing statutorily authorized attorneys' fees, the court first must calculate a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir.2008) (citation omitted).   The lodestar amount is presumptively reasonable.  *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir.2013) (citation omitted).   However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the circumstances of the case, and the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).  *McClain, supra*; *Black, supra*.

"Hourly rates are to be computed according to the prevailing market rates in the relevant legal market."  *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000).   The relevant legal market is the community where the district court sits.  *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).   The reasonable hourly rate for a particular community may be established through affidavits of other attorneys practicing in that community, or by reference to rates awarded in prior cases. *Tab-in-Action, Inc. v. Monroe City Sch. Bd.*, No. 17-0570, 2017 WL 3445652, at *3 (W.D. La. Aug.

---

F.2d 728, 734 (5th Cir.1989) (reducing sanctions award because of plaintiff's pro se status and annual income that averaged $25,000); *Francis v. Ackal*, No. 19-0803, 2019 WL 6907333, at *3–4 (W.D. La. Nov. 25, 2019), R&R adopted, 2019 WL 6907323 (W.D. La. Dec. 17, 2019) (no fees awarded to prevailing defendant where plaintiff was pro se and no evidence that he had the financial resources to pay defendant's attorney's fees).

10, 2017) (citation omitted).

The court also should consider an attorney's customary rate when it is within the range of prevailing market rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir.1995) (citation omitted). Furthermore, an attorney's customary rate is prima facie reasonable when it remains uncontested. *Id*.

Here, defendant proposes an hourly rate of $410 for work performed by Murphy Foster, III, an attorney with over 40-years' experience, and an hourly rate of $235 for Alexandra Hains, an attorney who is in her seventh year of practice. (Affidavit of Murphy Foster, III; M/Atty's Fees, Exh. B). Defendant also requests a rate of $140 per hour for time spent on paralegal tasks. *Id*. According to Mr. Foster, the hourly rates charged in this case were well within the reasonable and acceptable rates for practice in this field. *Id*.

However, defense counsel's practice is in Baton Rouge, Louisiana, which is a city considerably larger than Monroe, located outside of this district. Just three years ago, the undersigned approved an hourly rate of $175 for an attorney with eight years of experience, and $200 per hour for a 20-year veteran attorney. *See Walter v. Bullock*, No. 15-1938 [doc. #s 48 & 49] (W.D. La.). Also in 2017, this court authorized an hourly rate of $260 for three senior attorneys. *See Tab-in-Action, Inc., supra.* More recently, Judge Cain, sitting in this court's Lake Charles Division (a city that is larger than Monroe), approved an hourly rate of $275 for an attorney with 40-years' experience. *See Bushnell v. Natali*, No. 17-01146, 2019 WL 3980698, at *2 (W.D. La. Aug. 21, 2019). In 2018, the undersigned approved an hourly rate of $100 for paralegal work. *Lott v. Berryhill*, No 17-0783, 2018 WL 6920115, at *2 (W.D. La. Dec. 17, 2018), *R&R adopted,* 2019 WL 80899 (W.D. La. Jan. 2, 2019); *see also Fontenot v. Safety Council of Sw. Louisiana*, No. 16-0084,

2018 WL 4326477, at *6 (W.D. La. Sept. 10, 2018), *aff'd,* 782 Fed. Appx. 356 (5th Cir.2019) (settling on $100 per hour for paralegal work in Lake Charles).

Upon consideration of the prevailing rates in this district, defense counsel's ordinary billing rates, and the relatively straight-forward and essentially unopposed nature of this pro se litigation, the court finds that hourly rates of $275 for Mr. Foster, $175 for Ms. Hains, and $100 for the paralegal are reasonable and appropriate for this case, in this district.

The second step in calculating the lodestar amount requires the court to determine the number of hours reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party requesting fees has the burden of establishing this number. *Id.* at 437. The court may reduce the award if the documentation of hours is inadequate or if the hours are "excessive, redundant, or otherwise unnecessary." *Id.* at 433-34.

Defendant submitted itemized time reports that document most all of the time that they expended on this case. However, the court has determined that the fees awarded in this matter should be limited to the time expended to file the motion to compel and the motion for sanctions. *See* discussion, *supra*. Upon review of counsel=s itemized time reports, the court finds that Murphy Foster, III; Alexandra Hains; and the paralegal expended 3.8, 4.8, and 4.2 hours, respectively, to prepare and file the motion to compel and the motion for sanctions. While on the high side, the court finds that the requested hours are reasonable.

The court declines to award expenses associated with online legal research, which is more appropriately treated as standard overhead. *Thabico Co. v. Kiewit Offshore Servs., Ltd.*, No. 16-427, 2017 WL 4270743, at *4 (S.D. Tex. Sept. 26, 2017); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *12 (E.D. La. Oct. 13, 2009).

The court accepts the following time entries as reasonable:[5]

| Date | Atty/Paralegal | Time Spent | Hourly Rate | Total |
|---|---|---|---|---|
| 03/05/2020 | Hains | .30 | 175 | 52.50 |
| 03/11/2020 | Hains | 1.10 | 175 | 192.50 |
| 03/13/2020 | Hains | .10 | 175 | 17.50 |
| 03/13/2020 | Foster | .20 | 275 | 55.00 |
| 03/18/2020 | Paralegal | .50 | 100 | 50.00 |
| 03/19/2020 | Foster | 1.10 | 275 | 302.50 |
| 03/19-23/2020 | Paralegal | 2.00 | 100 | 200.00 |
| 04/17/2020 | Foster | .50 | 275 | 137.50 |
| 05/05/2020 | Hains | 2.10 | 175 | 367.50 |
| 05/07/2020 | Foster | .70 | 275 | 192.50 |
| 05/14/2020 | Hains | 1.20 | 175 | 210.00 |
| 05/20/2020 | Paralegal | 1.20 | 100 | 120.00 |
| 05/21/2020 | Foster | 1.30 | 275 | 357.50 |
| 05/21/2020 | Paralegal | .50 | 100 | 50.00 |

**Total:**          **$2,305.00**

Thus, the lodestar amount is $2,305.00.

The court now applies the remaining *Johnson* factors to determine if the lodestar amount should be adjusted.   The court may not double count any *Johnson* factor that was taken into account in calculating the lodestar amount.   *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation.   *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565 (1986); *Walker v. U.S. Dep=t of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22.

The record in this case does not support an adjustment of the lodestar amount based on the

---

[5] The court excluded a few time entries from this approved list, either because they were not sufficiently related to the motions to compel and for sanctions, or they otherwise were cumulative.

remaining *Johnson* factors.   For example, there is no evidence that the case was particularly

undesirable.   Nor does the nature of the professional relationship between defendant and counsel

indicate that an adjustment should be made.   Finally, the parties do not urge any adjustment.

However, the court has considered plaintiff's pro se status and limited financial means in

circumscribing the fees that are available under the lodestar.   *See* discussion, *supra*.

## III.    Costs

The Federal Rules of Civil Procedure provide that "[u]nless a federal statute, these rules, or a

court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing

party . . ."   Fed.R.Civ.P. (d)(1).   The term "costs," as used in Rule 54(d), is defined in 28 U.S.C. '

1920.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-45, 107 S.Ct. 2494, 2497

(1987).   "[F]ederal courts may only award those costs articulated in section 1920 absent explicit

statutory or contractual authorization to the contrary."   *Mota v. University of Texas Houston Health*,

261 F.3d 512, 529 (5th Cir. 2001) (citing inter alia, *Crawford Fitting Co., supra*).

A judge or clerk of any court of the United States may tax as costs the

following:

(1)    Fees of the clerk and marshal;

(2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily
obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries,
fees, expenses, and costs of special     interpretation services under section 1828 of
this title.

28 U.S.C. ' 1920.

10

Expenditures for categories of expenses listed in 28 U.S.C. ' 1920 may be awarded only if they are allowed by that section,[6] albeit, in its discretion, the court may decline to award costs enumerated in ' 1920.  *Crawford Fitting Co.*, 482 U.S. at 442-43.   "Items proposed by winning parties as costs should always be given careful scrutiny."   *LP & L, supra*.   Furthermore, "a court may not award costs to the prevailing party unless it first determines that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation."   *Sigur v. Emerson Process Management*, 2008 WL 1908590, *2 (M.D. La. Feb. 21, 2008) (citation and internal quotation marks omitted).

Gilchrist submitted a bill of costs, whereby it requested $329.05 for fees and disbursements for printing that it incurred in defense of this case.   (Bill of Costs; Appl. To Tax Costs, Exh. B).   Of that amount, $53.95 represents the cost for a Freedom of Information Act request to obtain a copy of plaintiff's EEOC file.   *See* Appl. To Tax Costs, Exhs. C & D.   However, defendant did not produce plaintiff's EEOC file for purposes of its summary judgment motion.   Accordingly, the court will not allow that expense.   The court also will not assess postage charges presumably incurred for purpose of mailing courtesy copies of motions to the court.

By the court's calculation, the remaining charges for photocopies and online copies total $169.45.   Accordingly, costs are taxed in the amount of $169.45.

<u>Conclusion</u>

For the aforementioned reasons,

IT IS ORDERED that defendant, Gilchrist Construction Company, L.L.C.'s motion for

---

[6]   *Louisiana Power & Light Co., supra.*

award of attorneys' fees and costs [doc. # 24], plus its bill of costs [doc. # 25] are GRANTED-IN-PART and DENIED-IN-PART, as detailed in the body of this decision, and reflected in in a separate judgment.

In Chambers, at Monroe, Louisiana, this 24th day of July 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

12